IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JORGE CRUZ,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **TEXAS STEEL CONVERSION, INC.** | § | |
| Defendant. | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Jorge Cruz, Plaintiff, and files this original complaint against Texas Steel Conversion, Inc. (hereinafter "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Harris County, Texas.

2. Defendant Texas Steel Conversion, Inc. is a Domestic For-Profit Corporation doing business in Houston, Harris County, Texas and may be served by serving its registered agent, Mindy M. Riseden, 1401 McKinney Street, Suite 1700, Houston, Texas 77010.

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically, 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, and 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

4. All prerequisites to filing suit have been met.

1

## III. FACTS

5.     Plaintiff was employed by the Texas Steel Conversion, Inc., for approximately twenty-one (21) years. He began working there on or about July 31, 1995. On or about August 29, 2016, he was discharged effective immediately. At the time of his discharge, he was employed as a Leadman. Plaintiff was 44 years of age at the time of his discharge.

6.     Upon information and belief, at the time of her discharge, Texas Steel Conversion, Inc. is an active For-Profit corporation in the State of Texas.

7.     Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

8.     Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under Title VII.

9     On Monday, August 29, 2016, the Plaintiff was terminated from his employment with Texas Steel Conversion, Inc. located at 3101 Holmes Road, Houston, Texas 77051.

10.    Plaintiff had worked for the Texas Steel Conversion for 21 years and all his employee evaluations have all been excellent.

11.    On more than one occasion, Foreman Doustin Paredes alleged the Plaintiff was under investigation by the company for misusing his authority as a Leadman by showing favoritism towards certain employees the Plaintiff supervised.

12.    Foreman Doustin Paredes, also, alleged the Plaintiff was under investigation by the company for intimidating certain employees the Plaintiff supervised.

13.    Plaintiff denied Foreman Doustin Paredes' accusations and when the Plaintiff asked Forman Paredes for the names of the employees that he had allegedly showed

favoritism towards or intimidated, Foreman Paredes refused to give the Plaintiff any information.

14. After these unfounded accusations Foreman Paredes seemed to constantly find petty ways to discredit the Plaintiff's work.

15. The Plaintiff reported the accusations and problems that he was having with Foreman Paredes to his supervisor, Carlos Cabrera. Mr. Cabrera response to the Plaintiff was that that "it appeared that Foreman Paredes was trying to find a way to terminate you."

16. Based on the allegations of Foreman Paredes on August 29, 2016, the Plaintiff was summoned to the Human Relations office and terminated by Texas Steel Conversion, Inc.

17. Foreman Douston Paredes' conduct was unprofessional and his decision to terminate the Plaintiff was without any investigation and he failed to follow the company's own policies and procedures.

18. Plaintiff was escorted from the building in a public display which was an exceedingly hurtful and humiliating conclusion to a twenty-one year career with Texas Steel Conversion, Inc.

19. Upon information and belief, the Plaintiff was replaced by a younger and less qualified employee.

20. Upon information and belief the Plaintiff recall two years prior to his termination, Foreman Paredes having caused the termination of two other older employees

21. Upon information and belief, the Plaintiff believes that Foreman Paredes, acting in concert with the company, terminated him because of my age.

22. At the time of his discharge, Plaintiff last full year of wages in 2015 were approximately $82,000.00 plus of full benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

**Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended**

23.     A.     Plaintiff alleges he was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff (44 years of age) from discrimination on the basis of age.

24     B.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

25.     C.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

26.     D.     On or about October 16, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 31, 2016, he received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 31, 2016.

27.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

### COUNT II

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

28.     A.     Plaintiff alleges that he was discharged in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (male) from gender discrimination in the workplace.

**29.**     **B.**     **Plaintiff claims all relief, legal and equitable, that effectuate his rights under 42 U.S.C.A. § 2000e,** *et seq***. (Unlawful Employment Practices), as amended.**

**30.**     **C.**     **Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e***t seq***. (Unlawful Employment Practices), as amended.**

**31.**     **D.**     **On or about October 16, 2016, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 31, 2016, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 31, 2016.**

**32. In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:**

## COUNT III

**Violations of 29 U.S.C. § 623,** *et seq.* **(Age Discrimination in Employment Act of 1967, "ADEA"), as amended**

**33.**     **A.**     **Plaintiff alleges he was discriminated against in violation of 29 U.S.C. § 623,** *et seq.* **(Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff (44years of age) from equal pay/compensation discrimination on the basis of age.**

**34.**     **B.**     **Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623,** *et seq.* **(Age Discrimination in Employment Act of 1967, "ADEA"), as amended.**

**35.**     **C.**     **Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623,** *et seq***. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.**

**36.**     **D.**     **On or about October 16, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 31, 2016, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 31, 2016.**

**37. In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:**

<u>**COUNT IV**</u>

<u>**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**</u>

**38.   A.   Plaintiff alleges that he was discharged in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (male) from gender discrimination in the workplace.**

**39.   B.   Plaintiff claims all relief, legal and equitable, that effectuate his rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.**

**40.   C.   Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.**

**41.   D.   On or about October 16, 2016, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 31, 2016, he received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 31, 2016.**

**V. DAMAGES**

**42.   Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct. Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, and 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as Amended.**

**VI. ATTORNEY'S FEES**

**43.   Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.**

## VII. JURY DEMAND

**44.     Plaintiff requests that this matter be tried before a jury.**

**WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.**

          **Respectfully submitted,**

          **CORNELIUS D. PERRY**
          **Attorney and Counselor at Law**
          **5740 West Little York, Suite 176**
          **Houston, Texas 77091**
          **(201) 281-3136 (telephone)**
          **(281) 936-0344 (facsimile)**
          **Judge.237@sbcglobal.net**


          **s/ Cornelius D. Perry_____**
          **Cornelius D. Perry (SBN 15799950)**
          **ATTORNEY FOR PLAINTIFF**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | | | | | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** Nature of Suit.  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.