UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE CRUZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-238 |
| | § | |
| TEXAS STEEL CONVERSION, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Texas Steel Conversion, Inc.'s ("TSC") motion for partial summary judgment. Dkt. 10. Plaintiff Jorge Cruz responded. Dkt. 12. TSC replied. Dkt. 13. Having considered the motion, the response, the reply, the record evidence, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

This is an employment discrimination case. Dkt. 1. In his complaint, Cruz alleges TSC employed him for approximately twenty-one years. *Id.* at 2. During his employment, TSC Foreman Doustin Paredes informed Cruz that TSC was investigating Cruz for misusing his authority by showing favoritism towards certain employees he supervised and intimidating other employees. *Id.* Cruz alleges that Paredes continuously found "petty ways to discredit [Cruz's] work." *Id.* at 3. When Cruz told another supervisor of Paredes accusations and actions, the supervisor allegedly told Cruz that Paredes seemed to be looking for a way to terminate him. *Id.*

Based on Paredes's allegations, TSC fired Cruz on August 29, 2016. *Id.* Cruz alleges that TSC replaced him with a younger and less qualified employee. *Id.* According to Cruz, TSC terminated him because of his age. *Id.* Believing that he was discriminated against, Cruz filed a

charge of discrimination with the United States Equal Opportunity Commission ("EEOC"). *Id.* at 4. The EEOC provided Cruz with a notice of the right to sue. *Id.* at 4. Accordingly, Cruz sued TSC alleging the following causes of action: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; (2) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; (3) equal pay discrimination on the basis of age in violation of the ADEA, 29 U.S.C. § 623; and (4) gender discrimination in violation of Title VII, 42 U.S.C. § 2000e. *Id.* at 4–6. Notably, counts II and IV are substantially identical.[1]

In the instant motion, TSC moves for partial summary judgment and asks the court to dismiss counts II, III, and IV for failing to exhaust administrative remedies. Dkt. 10. In his response, Cruz objects to TSC's summary judgment evidence and argues that summary judgment is not proper in this case. Dkt. 12-1.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl.*

---

[1] Count II contains a typo in which Cruz is described as "she." Dkt. 1 at 5. The counts are otherwise identical.

*Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

TSC argues that the court should grant summary judgment and dismiss counts II, III, and IV because Cruz did not exhaust administrative remedies for those causes of action. Dkt. 10. In response, Cruz objects to TSC's evidence and argues that summary judgment should not be granted. Dkt. 12-1. The court will address each argument in turn. Because counts II and IV are substantially identical, the court will address those counts together.

**A.     Objection to Summary Judgment Evidence**

Cruz objects to the "statements contained in pages 1-2 of Defendant's exhibit or appendix." Dkt. 12-1 at 2. Specifically, Cruz alleges that the statements "are not properly verified and are hearsay." *Id.* It is unclear which "exhibit or appendix" Cruz is referring to. It is also unclear the precise grounds for his objection. Regardless, the court need only consider Cruz's own statement in the EEOC charge of discrimination for the purposes of this motion. Cruz's statements are statements of an opposing party and not hearsay. Fed. R. Evid. 801(d)(2). To the extent Cruz objects to his own statements in the EEOC charge, his objection is OVERRULED. To the extent Cruz objects to any other piece of evidence, his objection is OVERRULED AS MOOT.

**B.     Counts II and IV**

TSC argues that the court should grant summary judgment as to counts II and IV because Cruz did not exhaust administrative remedies regarding these claims. Dkt. 10 at 5. In his response, Cruz does not address counts II and IV. *See* Dkt. 12-1.

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief," and private-sector employees must do so by filing a charge with the EEOC. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). While the "scope on an EEOC complaint should be construed liberally" and courts "look slightly beyond" the "four corners" of the

EEOC complaint "to its substance rather than its label," it must be sufficient to "trigger the investigatory and conciliatory procedures of the EEOC" for that claim. *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain*, 519 F.3d at 273.

In *Simmon-Myers v. Caesars Entertainment Corp.*, the Fifth Circuit addressed a similar factual scenario. *See* 515 F. App'x 269, 273 (5th Cir. 2013) (per curiam). In that case, the plaintiff's EEOC charge alleged that she was treated differently from the men in her department. *Id.* The plaintiff did not allege any facts in her EEOC charge supporting race discrimination. *Id.* Accordingly, the Fifth Circuit held that she did not exhaust her administrative remedies for the race discrimination claim. *Id.*

Here, Cruz states that "I believe I have been discriminated against because of my age (44), in violation of the Age Discrimination In Employment Act of 1967." Dkt. 10-1 at 3. He did not allege any facts related to his own gender or the gender of any other employees. *See id.* Cruz's EEOC charge did not trigger the investigatory or conciliatory procedures of the EEOC for his gender discrimination claims. *See Simmon-Myers*, 515 F. App'x at 273. Accordingly, Cruz did not exhaust his administrative remedies, and TSC's motion is GRANTED regarding counts II and IV.

**C.      Count III**

Similarly, TSC asserts that Cruz did not exhaust his administrative remedies for count III, equal pay/compensation discrimination on the basis of age. Dkt. 10 at 5. Cruz responds that he has made a prima facie case of age discrimination.[2]  Dkt. 12-1 at 4.

---

[2]In his response, Cruz argues that he was paid "a salary commensurate with his longevity with the company and job performance." Dkt. 12-1 at 5. In fact, in his affidavit, Cruz states that TSC wanted to pay a younger person *less* than what TSC was paying Cruz. Dkt. 12-2 at 2 (emphasis added). According to Cruz, TSC terminated him in an effort to save the company money. Dkt. 12-1

Like Title VII, the ADEA requires employees to exhaust their administrative remedies by filing a charge with the EEOC. *Foster v. Nat'l Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988). Even though Cruz does allege age discrimination in his EEOC charge, he specifically limits the duration of the discrimination to August 29, 2016—the day he was terminated. Dkt. 10-1 at 3. Cruz's allegations concerning compensation do not grow out of his claim that TSC fired him due to his age. *See Simmons v. Navy Fed. Credit Union*, No. C-10-14, 2011 WL 2078528, at *3 (S.D. Tex. May 26, 2011) (holding that equal compensation discrimination based on age did not grow out of other forms of age discrimination). The charge did not provide the EEOC with any reason to believe that TSC unfairly compensated Cruz, and thus did not trigger the investigatory or conciliatory procedures of the EEOC. *See Pacheco*, 448 F.3d at 788–89. Accordingly, Cruz did not exhaust his administrative remedies, and TSC's motion is GRANTED regarding count III.

### IV. CONCLUSION

Cruz's objection to TSC's evidence is OVERRULED. TSC's motion for partial summary judgment (Dkt. 10) is GRANTED. Cruz's claims under counts II, III, and IV are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on January 8, 2018.

_____
Gray H. Miller
United States District Judge

---

at 5. Thus, it seems that Cruz does not intend to assert that TSC "discriminate[d] against [him] with respect to his compensation" as is required by the statute. 29 U.S.C. § 623(a)(1). Rather, Cruz seems to be asserting that TSC fired him because the company paid him *more* than younger employees. In this instance, the discrimination would be his termination, which is already alleged in count I and is not challenged by TSC in the instant motion. Even though Cruz seemingly admits he does not have a claim for equal pay discrimination, the court will nevertheless address the exhaustion of administrative remedies issue.